UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRY WILSON, #137914,

       Petitioner,

                              CASE NO. 2:09-CV-12939
v.                            HONORABLE PATRICK J. DUGGAN

HUGH WOLFENBARGER,

       Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
AND DENYING A CERTIFICATE OF APPEALABILITY AND
LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

At a session of said Court, held in the U.S. District
Courthouse, Eastern District
of Michigan on March 22, 2010.

PRESENT:   HONORABLE PATRICK J. DUGGAN
                     U.S. DISTRICT COURT JUDGE

Michigan prisoner/parolee Terry Wilson ("Petitioner") has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his state criminal conviction and sentence. Hugh Wolfenbarger ("Respondent"), through counsel, has filed a motion to dismiss the petition for failure to comply with Rule 11.2 of the Local Rules for the Eastern District of Michigan and for failure to comply with the one-year statute of limitations applicable to federal habeas actions. For the reasons set forth herein, the Court grants Respondent's motion and dismisses the habeas petition on

statute of limitations grounds. The Court also denies a certificate of appealability and denies Petitioner leave to proceed in forma pauperis on appeal.

I.    **Facts and Procedural History**

On January 15, 2002, Petitioner pleaded guilty to first-degree retail fraud in the Circuit Court for Oakland County, Michigan, and was sentenced as a fourth habitual offender to a term of imprisonment of one year six months to ten years. Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was dismissed by stipulation. *People v. Wilson*, No. 242258 (Mich. Ct. App. Aug. 1, 2002) (unpublished). Petitioner did not seek leave to appeal with the Michigan Supreme Court. (*See* Doc. 14 Ex. 1 [Aff. of Corbin R. Davis, Michigan Supreme Court Clerk].)

In July and December 2002, Petitioner filed motions for relief from judgment in the state trial court. The latest of those motions was denied on February 8, 2006 and reconsideration was denied on February 17, 2006. (Doc. 13-1 [Oakland Co. docket sheet].) Petitioner did not seek leave to appeal with the Michigan appellate courts. (*Id.*)

Petitioner filed the present petition for a writ of habeas corpus on July 24, 2009.[1] In his petition, he raises claims concerning the voluntariness of his plea, the voluntariness of his confession, illegal search and seizure, self-incrimination, prosecutorial misconduct,

---

[1]Petitioner filed two prior habeas petitions in this District that were dismissed without prejudice for failure to exhaust state court remedies. The first case was filed on March 28, 2001 and dismissed on April 6, 2001. *See Wilson v. Bouchard*, No. 01-CV-71209-DT (E.D. Mich. April 6, 2001). The second case was filed on January 2, 2002 and dismissed on January 30, 2002. *See Wilson v. Andrew*, No. 02-CV-70261-DT (E.D. Mich. Jan. 30, 2002). Those cases do not affect the timeliness of the instant petition as they concluded before Petitioner's conviction became final.

2

double jeopardy, and the effectiveness of counsel. As indicated earlier, Respondent has filed a motion to dismiss the petition for failure to comply with Local Rule 11.2[2] and the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). Petitioner has not filed a reply to the motion.

## II.    Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. §§ 2241-2255, became effective on April 24, 1996. The AEDPA governs the filing date for this case because Petitioner filed his pleadings after the statute's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 2068 (1997). The AEDPA establishes a one-year limitations period for habeas petitions brought by prisoners challenging state court judgments. Specifically, the statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

---

[2]Rule 11.2 states:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

E.D. Mich. LR 11.2

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect to
> the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Absent exceptions discussed below, a habeas petition filed outside the time period prescribed by this section must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95 (6th Cir. 2000) (dismissing case filed 13 days after the limitations period expired); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

Petitioner's direct appeal in the Michigan Court of Appeals was dismissed on August 1, 2002. He then had 56 days to file an application for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2); *Rice v. Trippett*, 63 F. Supp. 2d 784, 787 (E.D. Mich. 1999). He did not do so. Accordingly, Petitioner's conviction became final on September 26, 2002, when the time for seeking leave to appeal with the Michigan Supreme Court expired. *See Brown v. McKee*, 232 F. Supp. 2d 761, 765 (E.D.

4

Mich. 2002). Accordingly, Petitioner was required to file his federal habeas petition by September 26, 2003, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with § 2244(d)(2).

Petitioner filed motions for relief from judgment in the trial court in July and December 2002. One of those motions remained pending until February 17, 2006.[3] Petitioner then had, at the most, one year or until February 17, 2007, to pursue an appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 6.509(A). He did not do so. Therefore, Petitioner had one year from February 17, 2007, to seek federal habeas relief. He did not file the present petition until July 24, 2009– well after the one-year period expired. His petition therefore is untimely.

Petitioner does not assert that the State created an impediment to filing his habeas petition or that his claims are based upon newly-discovered evidence or newly-created rights which would warrant habeas relief. His habeas action is thus untimely under the statute of limitations set forth at 28 U.S.C. § 2244(d).

The United States Court of Appeals for the Sixth Circuit has determined that the one-year limitations period is subject to equitable tolling. In *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001), the court ruled that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-part test set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The five parts of the test are:

---

[3]There may have been days within this period when Petitioner did not actually have a motion pending in the state court and additional days of the one-year limitations period would have run during that time. Such time would further shorten the one-year period, but is inconsequential to the Court's ruling.

5

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008. "These factors are not necessarily comprehensive and they are not all relevant in all cases. Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (internal citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004); *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner has not set forth sufficient circumstances to justify equitable tolling in this case. The fact that Petitioner is untrained in the law, had to proceed without a lawyer, or may have been unaware of the statute of limitations for a certain period does not warrant tolling. *See Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy does not justify tolling); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling). Any miscalculation or misinterpretation of the plain language of § 2244(d) also does not constitute an extraordinary circumstance sufficient to

justify equitable tolling of the one-year period. *See Fugate v. Booker*, 321 F. Supp. 2d 857, 861 (E.D. Mich. 2004) (citing *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000)). Moreover, Petitioner has not shown diligence in seeking habeas relief given that he failed to properly pursue his direct appeals and post-conviction appeals in the state courts, and then filed the instant petition 17 months after the expiration of the one-year period. Given such circumstances, the Court concludes that Petitioner is not entitled to equitable tolling under *Dunlap*.

The Sixth Circuit has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth in § 2244(d)(1). *See Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 1611 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28, 115 S. Ct. 851, 867-68 (1995)). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S. Ct. at 865. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623, 118 S. Ct. at 1611.

Petitioner has made no such showing. His petition therefore is untimely and must be dismissed.[4]

## III. Conclusion

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the AEDPA's one-year limitations period and he is not entitled to statutory or equitable tolling of that period. The statute of limitations therefore precludes federal review of the petition. The Court therefore is granting Respondent's motion to dismiss.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without addressing the merits, a certificate of appealability should issue only if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that jurists of reason would not find its procedural ruling incorrect. The Court further concludes that any appeal of the Court's decision would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

---

[4] Given this determination, the Court finds it unnecessary to address Respondent's alternate argument for dismissal based on Local Rule 11.2.

Accordingly,

**IT IS ORDERED**, that Respondent's motion to dismiss is **GRANTED**;

**IT IS FURTHER ORDERED**, that a certificate of appealability shall not issue and Petitioner is denied leave to proceed in forma pauperis on appeal because such an appeal would be frivolous and cannot be taken in good faith.

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:
Terry Wilson, #137914
c/o Pontiac Parole Office
Jason Furst, Carolynn Wilson
1025 N. Perry St.
Pontiac, MI 48340

Laura A. Cook, Esq.